Ryan Conger, Esq. (SBN 248390)
ryan@congerlawfirm.com
**CONGER LAW**
402 W Broadway, Suite 950
San Diego, California 92101
Telephone: (619) 569-1919
Facsimile: (619) 569-1976

Christopher C. Saldaña, Esq. (SBN 269456)
chris@shewrysaldanalaw.com
Carolyn A. Stiffler, Esq. (SBN 297861)
carolyn@shewrysaldanalaw.com
**SHEWRY & SALDANA, LLP**
402 West Broadway, Suite 950
San Diego, California 92101
Telephone:   (619) 233-8824
Facsimile:    (619) 233-1002

Attorneys for Plaintiff SCOTT PEARSON

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT PEARSON, an individual, | Case No.: **'17CV1452 JAH  NLS** |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR LABOR STANDARDS ACT** |
| v. | |
| CITY OF SAN DIEGO, a California Municipal Corporation; and BRIAN FENNESSY, individually and in his official capacity as Chief of the SAN DIEGO FIRE-RESCUE DEPARTMENT, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff SCOTT PEARSON ("PEARSON"), on behalf of himself and demanding a trial by jury, brings this action for illegally and willfully withholding overtime pay due and owing to him, an individual employed by the SAN DIEGO

/ / /

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

FIRE-RESCUE DEPARTMENT ("SDFD"), a Department within Defendant CITY OF SAN DIEGO.  Plaintiff by way of this Complaint against Defendants, says:

## I. PARTIES

1. The Plaintiff is a natural person who is employed by the SDFD.

2. At all times relevant to this complaint, Plaintiff was a citizen of, and resided within, the County of San Diego, California.

3. At all times relevant to this complaint the CITY OF SAN DIEGO was a California Municipal Corporation operating as a California Charter City pursuant to the laws of the State of California.

4. Defendant BRIAN FENNESSY was appointed and confirmed in early September 2015 as the Fire Chief of the SDFD.  The Fire Chief has the ultimate decision-making authority over SDFD personnel and SDFD personnel matters. Prior to his appointment as Fire Chief, Defendant FENNESSY was an Assistant Fire Chief within the SDFD, an executive position with important decision-making authority and input over personnel and personnel matters.

5. There may be as yet unknown individuals or entities whose conduct has contributed to the claims alleged herein, but whose capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these defendants once they are ascertained.

6. The unknown natural persons and/or corporate entities referred to in the paragraph above reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures that are the subject of this complaint. Those individuals or corporate entities personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

/ / /

/ / /

## II. JURISDICTION & VENUE

7.  Plaintiff's claims arise under § 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA"), jurisdiction of this Court arises under 28 U.S.C. § 1331.

8.  Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because each of the Defendants is subject to personal jurisdiction in the Southern District of California at the time this action is commenced.

## III. PRELIMINARY STATEMENT

9.  Plaintiff makes claims for relief for the willful failure of the Defendants, and each of them, to pay overtime wages due and owing.

10. The FLSA is an employment-related statute that seeks to regulate the working hours and conditions of American employees based upon Congress's finding that the "…maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers" is a necessary prerequisite to a healthy functioning economy.

## IV. FACTS CONCERNING THE PLAINTIFF'S CLAIMS

11. Plaintiff PEARSON is a helicopter rescue medic ("HRM") with the SDFD. While acting as an HRM, PEARSON did not at any time actually engage in fire suppression activities such as responding on scene to fires for the purpose of suppressing those fires.

12. Within at least the three (3) years prior to the filing of this complaint, PEARSON has been employed by the SDFD as an HRM.

13. During their shifts, HRMs work within the Air Operations Division, providing support services for helicopters designated as air ambulances. HRMs spend their flights administering medical care or waiting to administer medical care. These medical care duties include assessing, treating, and potentially

transporting a patient from an accident scene or from a rescue ambulance that has already removed the patient from the scene. In addition, HRMs assist in fueling the helicopter and provide passengers with safety briefings.

14. During his shifts as an HRM, PEARSON is not required to have any fire protective gear with them, nor is he required to handle firefighting equipment. PEARSON does not go into the field to physically engage in fire or rescue operations

15. Plaintiff PEARSON has a forty (40) hour work-week hourly pay rate of $41.39 when including add on payments allowable under 29 U.S.C. § 207(d), (e).

16. Plaintiff, within the three years prior to the filing of this complaint routinely worked 56 hours per week, and more, while employed as an HRM by the SDFD.

17. Plaintiff was not timely paid for his overtime work at time-and-a-half or higher, as required by the FLSA.

18. Defendant CITY OF SAN DIEGO, acting by and through its appointing authority for its Fire-Rescue Department, Defendant BRIAN FENNESSY, has failed and refused to pay the overtime amounts due and owing to Plaintiff despite the access of both Defendants to all of Plaintiff's time and payroll records.

19. Defendant CITY OF SAN DIEGO, acting by and through its appointing authority for its Fire-Rescue Department, Defendant BRIAN FENNESY, has failed and refused to pay even the smaller overtime amounts it does not dispute are due and owing to Plaintiff (though Plaintiff contends higher amounts are owed) despite the access of both Defendants to all of Plaintiff's time and payroll records. By failing to pay undisputed amounts of unpaid but owing overtime compensation to Plaintiff, Defendants, and each of them, have acted willfully, injuring the Plaintiff by this conduct.

20. On March 18, 2014, the United States Court of Appeals for the Ninth Circuit issued its published opinion in the case of *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014) ("*Haro*").  The *Haro* matter, factually and materially on all fours with the present case, set at rest the reliance by some California cities, including San Diego, on the notion that tangential involvement in fire suppression, by taking and relaying dispatch information, qualifies as engagement in "fire protection" under the FLSA, 29 U.S.C. § 207(k) and § 203(y).  Although there was no reasonable argument to be made on this score beforehand, there can be no dispute that at least as of March 18, 2014, SDFD's HRMs were not engaged in "fire protection" and were, thus, entitled to payment of overtime wages for all hours in excess of 40 worked in one week.  29 U.S.C. § 207(a).

21. The Defendants, and each of them, have failed and refused, and continue to fail and refuse, to pay Plaintiff for his overtime work.

22. The Defendants, and each of them, have lulled the Plaintiff into a false sense of potential conclusion of this matter in signaling to them that there was an interest on the part of Defendants to settle this case while not providing to Plaintiff any reasonable offer of settlement of their claims.  What's more, the Defendants have also not paid the Plaintiff the amounts of money he is indisputably owed.  Thus, Defendants are equitably estopped from arguing the statute of limitations bars any claims made as of the date they first received any complaints of unpaid overtime compensation from Plaintiff.

23. The failure to pay overtime wages to Plaintiff has resulted in lost wages, lost use of those wages, lost pension contributions and related retirement benefits, emotional injury, and the entire panoply of permissible general and special damages.

/ / /

/ / /

/ / /

## V. FIRST CLAIM FOR RELIEF
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
## (UNPAID OVERTIME WAGES)
## (AGAINST ALL DEFENDANTS)

24. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

25. Defendants' willful failure to pay Plaintiff all earned overtime compensation to Plaintiff was a violation of the FLSA.

26. Plaintiff is entitled to receive compensation and one and one-half times or double his regular rate of pay for the work described above. Plaintiff is also entitled to receive compensation for lost pension or related retirement benefit contributions.

27. Plaintiff is entitled to an award of liquidated damages in an amount equal to the overtime wages owed to him, pursuant to 29 U.S.C. § 216(b), or interest at the legal rate, or both.

28. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) as a direct and legal result of the Defendants' failure to pay overtime compensation.

## VII. PRAYER FOR RELIEF

29. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor as follows:

   (a) An award of unpaid overtime compensation in an amount according to proof;

   (b) An award of lost pension or related retirement benefit contributions;

   (c) An award of liquidated damages pursuant to 29 U.S.C. § 216(b), or interest at the legal rate, or both;

   (d) An award of liquidated damages pursuant to 29 U.S.C. § 215(a)(3);

   (e) An award of costs and disbursements incurred by Plaintiff in connection with this action, including reasonable attorneys' fees,

expert witness fees, and other costs; and

(f)     For such other and further relief as the Court deems just and proper.

Dated: July 18, 2017                                                **CONGER LAW**

                                          By:   *s/ Ryan M. Conger*
                                                    Ryan M. Conger
                                                    Attorneys for Plaintiff

## VIII. **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury for each claim for relief so triable.

Dated: July 18, 2017                                                **CONGER LAW**

                                          By:   */s/ Christopher C. Saldaña*
                                                  Ryan Conger
                                                  Attorneys for Plaintiff